IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HINTON TRANSPORTATION INVESTMENTS, INC., a Michigan Corporation, and IAPS QSUB, INC. d/b/a MARTEC INTERNATIONAL, a Michigan Corporation,<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. _____ |
| | §<br>§ | |
| PHILLIP SANDOVAL, an individual<br>    Defendant. | §<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs, Hinton Transportation Investments, Inc. ("HTI") and IAPS QSUB, Inc. d/b/a Martec International ("Martec"), state as follows for their complaint:

### Introduction

1. Three days before he submitted his resignation letter, Mr. Sandoval attached two USB flash drives to his work computer and immediately accessed confidential and propriety documents belonging to his employer. These documents include price lists, customer tracking information, and inventory and other master lists. Mr. Sandoval did not return these USBs when he resigned, and Plaintiffs bring this action to compel the return,

sequestration, and destruction of all of Plaintiff's trade secrets that Mr. Sandoval misappropriated.

## Parties

2. Plaintiff HTI is a Michigan corporation with its principal place of business located in Byron Center, MI.

3. Plaintiff Martec is a Michigan corporation with its principal place of business located in Byron Center, MI.

4. Martec is a wholly owned subsidiary of HTI and is the premier distributor of quality intermodal replacement parts in the transportation industry.

5. Upon information and belief, Defendant Phillip Sandoval is an individual residing in Spring, Texas.

## Jurisdiction and Venue

6. The Court has both federal question and diversity jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1332. Specifically, this case involves a claim under the Defendant Trade Secrets Act, 18 U.S.C. § 1836. Additionally, there is complete diversity between the parties and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Phillip Sandoval as Mr. Sandoval resides in this district.

8. Venue in this district is proper as Mr. Sandoval resides in this District and because Mr. Sandoval misappropriated Plaintiffs' trade secrets in this district.

## General Allegations

9. Plaintiff incorporates by reference all preceding paragraphs.

10. Phillip Sandoval has worked for HTI since February 2007 as a sales representative. While employed at HTI, Mr. Sandoval provided services for Martec, HTI's subsidiary. Most recently, Mr. Sandoval worked out of Martec's Houston office.

11. As part of his employment with HTI, Mr. Sandoval had access to Martec's confidential trade secrets, including but not limited to pricing lists and customer lists.

12. Plaintiffs have taken reasonable measures to keep the information contained in these documents secret. HTI requires its employees to acknowledge the confidential nature of the documents and restricts access of these documents to its employees.

13. As part of his employment, Mr. Sandoval was subject to HTI's handbook, which Mr. Sandoval acknowledged and agreed to. The relevant portions of the handbook are attached as Exhibit A.

14. Specifically, Mr. Sandoval acknowledged and agreed that "Upon termination of your employment, you agree that you will not take with you any Confidential Information obtained during your employment with the Company." Exhibit A.

15. On June 21, 2023, Mr. Sandoval submitted his letter of resignation to Plaintiffs.

16. Mr. Sandoval now works for Commercial Truck & Trailer Parts, Inc. ("CTTP"), a direct competitor of Plaintiffs.

17. Within weeks of Mr. Sandoval submitting his resignation, Mr. Sandoval began contacting several of Martec's accounts.

18. When he resigned, Mr. Sandoval returned his work-issued Microsoft Surface Laptop (the "Laptop").

19. Mr. Sandoval returned the Laptop with severe damage. Exhibit B.

20. After Mr. Sandoval began soliciting Martec's customers, Martec sent Mr. Sandoval's laptop to be forensically examined by Axis Discovery.

21. The forensic examination of the Laptop showed several concerning activities.

22. Mr. Sandoval created a Microsoft Word document on the Laptop entitled "Resignation Letter" at 7:59, on June 21, 2023.

23. On Saturday, June 18, 2023, three days before Mr. Sandoval drafted his resignation letter, Mr. Sandoval plugged in two USB flash drives to the Laptop and accessed several documents on the Laptop.

24. Specifically, at 19:39 on June 18, 2023, Mr. Sandoval connected a USB drive with serial number 070113929FB2F946 ("USB '946") into his Laptop. The Laptop has no history of being connected with USB '946 prior to this date.

25. Between 19:43 and 19:50, while the USB was plugged in, Mr. Sandoval accessed the following documents that were located on the Laptop:

    a. New customer tracking.xlsx

    b. TRAC_MARTEC PRICE FILE_EFFECTIVE 101122.xlsx

    c. Lashing Items.xlsx

    d. Container Catalog.pdf

    e. Copy of Container Repair List Pric.xls

  f. Sales Report Template.docx

  g. Mikayla 1-15-22-20220104T040439z-001.zip

26. Upon information and belief, Mr. Sandoval copied these files onto the USB.

27. These files contain confidential trade secrets belonging to Plaintiffs. Namely, these files contain confidential pricing and customer information.

28. At 19:51, Mr. Sandoval disconnected USB '946. The Laptop has no record of USB '946 ever being connected with the Laptop after this interaction.

29. One minute later, at 19:52, Mr. Sandoval connected another USB Drive with serial number 07011393BAF1C733 ("USB '733"). The Laptop has no history of being connected with USB '733 prior to this date.

30. Between 20:00 and 20:20, while the USB was plugged in, Mr. Sandoval accessed the following documents:

  h. Price Sheet.xlsx

  i. Trac's Master List.xlsx

  j. Hempelcolor.jpg

  k. Price List Effective 2-1-2023.xlsx

  l. 20230508_124722.jpg

  m. Screenshot_20230303_112739_Gallery.jpg

  n. Container door 14038650.jpg

  o. Copy of PARTS INVENTORY.xlsx

31. Upon information and belief, Mr. Sandoval copied the accessed files to this USB.

32. At 20:20, Mr. Sandoval disconnected USB '733. The Laptop has no record of USB '733 ever being connected with the Laptop after this interaction.

33. In addition to the items accessed while the USB drives were connected, Mr. Sandoval deleted several items immediately before resigning.

34. Specifically, between June 20, 2023, and June 26, 2023, Mr. Sandoval deleted 190 documents, including images, pdf files, spreadsheets, and word documents.

35. Mr. Sandoval appears to be using the files that he misappropriated from Martec to compete with Martec.

## **COUNT I – DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836**

36. Plaintiffs incorporate by reference all preceding paragraphs.

37. Plaintiffs possess numerous types of financial, business, technical, and economic information that it takes reasonable measure to keep secret. Among these items, are Plaintiffs' pricing and customer lists.

38. The information contained in Plaintiffs' pricing, inventory, and customer lists, along with the other documents identified in paragraphs 25 and 30, derives independent economic value from not being generally known to Plaintiffs' competitors.

39. Because Plaintiffs take reasonable steps to keep their pricing, inventory, and customer lists, along with the other documents identified in paragraphs 25 and 30, secret and because the documents derive independent economic value from their secrecy,

6

Plaintiffs' pricing, inventory, and customer lists, along with the other documents identified in paragraphs 25 and 30, constitute trade secrets.

40. By downloading the trade secrets onto a USB drive in the days before submitting his resignation in contravention of the employee handbook, Mr. Sandoval acquired the trade secrets by improper means.

41. Mr. Sandoval stole the trade secrets, or, alternatively, breached his duty to maintain the confidential nature of the trade secrets.

42. Mr. Sandoval misappropriated the trade secrets by using the trade secrets to compete with Plaintiffs after improperly acquiring them.

43. As a result of Mr. Sandoval misappropriating Plaintiffs' trade secrets, Plaintiffs are entitled to an order seizing the USB drives, along with any computer or terminal in which the USB drives have been subsequently connected to in order to compel the return, sequestration, and destruction of all of Plaintiffs' trade secrets.

44. Plaintiffs are also entitled to an injunction to prevent any actual further misappropriation or disclosure of Plaintiffs' trade secrets.

45. Plaintiffs are also entitled to damages caused by the misappropriation of trade secrets.

46. Because Mr. Sandoval willfully and maliciously misappropriated the trade secrets, Plaintiffs are entitled to exemplary damages and attorney's fees. 18 U.S.C. § 1836(b)(3)(C)-(D).

## COUNT II – TEXAS UNIFORM TRADE SECRETS ACT
## TEX. CIV. PRAC. & REM. CODE § 134A

47. Plaintiffs incorporate by reference all preceding paragraphs.

48. Plaintiffs possess numerous types of financial, business, technical, and economic information that it takes reasonable measure to keep secret. Among these items, are Plaintiffs' pricing and customer lists.

49. The information contained in Plaintiffs' pricing, inventory, and customer lists, along with the other documents identified in paragraphs 25 and 30, derives independent economic value from not being generally known to Plaintiffs' competitors.

50. Because Plaintiffs take reasonable steps to keep Plaintiffs' pricing, inventory, and customer lists, along with the other documents identified in paragraphs 25 and 30, secret and because the documents derive independent economic value from their secrecy, Plaintiffs' pricing, inventory, and customer lists, along with the other documents identified in paragraphs 25 and 30, constitute trade secrets.

51. By downloading the trade secrets onto a USB drive in the days before submitting his resignation in contravention of the employee handbook, Mr. Sandoval acquired the trade secrets by improper means.

52. Mr. Sandoval stole the trade secrets, or, alternatively, breached his duty to maintain the confidential nature of the trade secrets.

53. Mr. Sandoval misappropriated the trade secrets by using the trade secrets to compete with Plaintiffs after improperly acquiring them.

54. As a result of Mr. Sandoval misappropriating Plaintiffs' trade secrets, Plaintiffs are entitled to an order seizing the USB drives, along with any computer or terminal in which the USB drives have been subsequently connected to in order to compel the return, sequestration, and destruction of all of Plaintiffs' trade secrets.

55. Plaintiffs are also entitled to an injunction to prevent any actual further misappropriation or disclosure of Plaintiffs' trade secrets.

56. Plaintiffs are also entitled to damages caused by the misappropriation of trade secrets, or in the alternative, to a reasonable royalty for Mr. Sandoval's unauthorized disclosure or use of the trade secret.

57. Because Mr. Sandoval willfully and maliciously misappropriated the trade secrets, Plaintiffs are entitled to exemplary damages and attorney's fees.

**WHEREFORE**, Plaintiff requests that this Court award damages, costs, and attorney's fees in an amount to be proven at trial, and enter an injunction ordering that: (1) Mr. Sandoval return the USB drives to Plaintiffs; (2) Mr. Sandoval turn over any computer that the USB drives have been plugged into; (3) Mr. Sandoval cannot use the information he illegally obtained from Plaintiffs; and (4) that Mr. Sandoval notify his new employer regarding the injunction.

| | |
|---|---|
| Dated: September 20, 2023 | **MILLER JOHNSON**<br><br>By  *D. Andrew Portinga*<br>D. Andrew Portinga (P55804)<br>Federal I.D. No. 3858596<br>Jacob L. Carlton (P84859)<br>Federal I.D. No. 3858746<br>45 Ottawa Ave. SW, Suite 1100<br>Grand Rapids, MI  49503<br>(616) 831-1700<br>portingaa@millerjohnson.com<br>carltonj@millerjohnson.com<br><br>**BECK \| REDDEN LLP**<br><br>*/s/ David J. Beck*<br>David J. Beck<br>Texas State Bar No. 00000070<br>Federal I.D. No. 16605<br>Garrett S. Brawley<br>Texas State Bar No. 24036617<br>Federal I.D. No. 37039<br>1221 McKinney, Suite 4500<br>Houston, Texas 77010-2010<br>(713) 951-3700<br>(713) 951-3720 (fax)<br>Email: dbeck@beckredden.com<br>Email: gbrawley@beckredden.com<br><br>**Attorneys for Plaintiffs<br>HINTON TRANSPORTATION INVESTMENTS, INC., a Michigan Corporation, and IAPS QSUB, Inc. d/b/a MARTEC INTERNATIONAL., a Michigan Corporation** |